**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ROY CLEMONS and ROGER JOYNER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-657-MJR |
| | ) |
| DEPARTMENT OF PUBLIC HEALTH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

The Court previously advised Plaintiffs of the consequences of joint litigation by prisoners within the Seventh Circuit (Doc. 6). *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). In response, Plaintiff Roger Joyner has filed a motion to withdraw from this lawsuit (Doc. 7); this motion is **GRANTED**. Conversely, Plaintiff Roy Clemons has indicated his interest in continuing with this lawsuit as a sole plaintiff (*see* Doc. 8).

When they initiated this lawsuit, Plaintiffs also filed a motion for order of protection (Doc. 2). In this motion, they state that they anticipate retaliatory action from Defendants in response to this lawsuit, and they seek a protective order to thwart this potential backlash. Essentially, Plaintiffs seeks issuance of a temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the

efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of Plaintiffs' claims for relief, the Court is of the opinion that a TRO should not issue in this matter. Plaintiffs' allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Therefore, this motion is **DENIED**.

Clemons has also filed a motion for leave to proceed *in forma pauperis* (Doc. 3). However, he has not submitted a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint as required by § 1915(a)(1).

**IT IS HEREBY ORDERED** that Plaintiff Clemons shall submit, within **THIRTY (30) DAYS** of the date of the entry of this order, a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the. Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court.

**IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, should Plaintiff fail to comply with this order, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED this 4th day of November, 2008.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN
United States District Judge**